IN THE UNITED STATES DISTRICT COURT
FOR THE WESTER DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| KAY H. TURNER, § <br> Plaintiff, § <br> § <br> vs. § <br> § <br> U.S. BANK NATIONAL § <br> ASSOCIATION, not in it's individual § <br> Capacity, but solely as trustee for the § <br> RMAC TRUST, Series 2016CTT, and § <br> MICHAEL S. BALLEW, § <br> Defendants. § | CIVIL ACTION NO.5:23-CV-00735-XR <br> JURY TRIAL DEMANDED |

## PLAINTIFF'S AMENDED COMPLAINT

COMES NOW KAY H. TURNER, (Turner), Plaintiff, complaining of U.S. BANK NATIONAL ASSOCIATION, not in its individual capacity, but solely as trustee for RMAC TRUST, Series 2016CTT, and Michael S. Ballew, Defendants, and would respectfully show the Court the following:

A. PARTIES

1.   Kay H. Turner is an individual residing at 7535 N. New Braunfels Avenue, San Antonio, Texas 78209 and is the true owner of the real property that is the subject matter of this suit.

2.   U.S. Bank National Association, not in its individual capacity, but solely as trustee for RMAC Trust, Series 2016-CTT, is the note holder of record and a Defendant. On June 9, 2023 this Defendant filed an Answer and Counterclaim herein.

3.   Defendant, Michael S. Ballew, is a resident and is domiciled in San Antonio, Bexar County, Texas. He may be served at 1715 Poppy Peak, San Antonio, Texas 78216-5831

1

## B. JURISDICTION

4.  The Plaintiff contests the Court's jurisdiction over this case because Plaintiff and all Defendants are not citizens of different U.S. States. Defendant, Michael S. Ballew is a resident and is domiciled in San Antonio, Bexar County, Texas. This Amended Complaint is being filed as a matter of course, pursuant to Rule 15(a)(1), Federal Rules of Civil Procedure.

## C. VENUE

5.  Venue is proper in this district under 28 U.S.C§1391(b)(2) because a substantial part of the events or omissions giving rise to this claim occurred in the district.

## D. CONDITIONS PRECEDENT

6.  All conditions precedent have been performed or have occurred.

## E. FACTS

7.  Plaintiff took out a home equity loan on or about August 3, 2006, in the principal amount of $320,000.00 with a 30-year amortization at 8.125% interest and a monthly payment, commencing October 1, 2006, in the amount of $2,376.00. The loan, pursuant to Section 50(a)(6)(c), Art. XVI of the Texas Constitution, is without personal liability to Plaintiff. The loan is secured by the real property/homestead Plaintiff has owned since 1977, located at 7535 North New Braunfels Avenue, San Antonio, Texas 78209. The 2006 loan was supported by a false inflaled appraisal performed by Defendant Michael S. Ballew, that Defendant's predecessor contracted for with Defendant Ballew that Plaintiff did not agree to. The appraisal was for a an inflaled value of $410,000.00 and was

fraudulent, made by Defendant Michael S. Ballew and dated May 9, 2006, when the property was only valued at approximately one (1/2) half that amount. The inflated fraudulent appraisal was presented by Defendant Bank's predecessor at the office of Chicago Title to close the transaction on August 3, 2006. The fraudulent appraisal was used to qualify for a loan up to $328,000.00 and Plaintiff's loan was for $320,000.00. The fraudulent appraisal was a violation of Article XVI §50(a)(6)(B) and (Q)(X), Texas Constitution, and therefore is the basis for a forfeiture of all principal and interest, without the Defendant Bank's predecessor's notice of failure to comply. A refund to Plaintiff is necessary for the entire amount.

8. Plaintiff was overcharged by the loan and paid the overcharge for almost five years. In 2012, Plaintiff suffered setbacks in her health and business. Beginning on or about May 2012, Plaintiff sought relief in the form of a modification of the loan. Plaintiff retained a law firm, based in Florida, Mader & Associates ("Mader") to represent her interests from 2012 to 2014.

9. Plaintiff was advised by Mader on May 29, 2014 that Defendant Bank's predecessor was actively considering Plaintiff for a loan modification. By letter, dated August 18, 2014, from the Foreclosure Prevention Department, Plaintiff received the name and contact information of a person who would help with the modification. By letter dated September 6, 2014, and not received by Plaintiff until September 24, 2014, Plaintiff was informed that she was approved for a trial plan under the Standard Modification Program, as follows:

> Congratulations! You are approved to enter into a trial plan under the Standard Modification. This is the first step in the process toward qualifying for a permanent loan modification".

Plaintiff was informed that she must make a first payment of $3,789.95 due October 1, 2014, and a like amount for the next two months thereafter. The monthly amount was GREATER than the monthly payments from which Plaintiff was seeking relief. The amount also included an escrow payment for hazard insurance. Plaintiff had been paying directly the hazard insurance premiums during the entire time her loan had been pending.

10.     By letter of September 28, 2014, Plaintiff's prior counsel, requested that Defendant Bank's predecessor provide the "verified income" information that an August 28 letter stated it had. Defendant's predecessor never provided such information. To date, neither Defendant Bank, nor its predecessor, has ever provided such information in order for Plaintiff to make sure in any discussions of monthly payments that Plaintiff would be able to make were based upon same and verified income data. Defendant Bank's predecessor, based upon the faulty and grossly overvalued appraisal of Defendant Ballew, stated in a September 6, 2014 letter to Plaintiff that the property appraised at $492,208.00. There is no risk of a under collateralized loan.

11.     These prior servicing inconsistent statements to Plaintiff demand a business resolution. The inconsistencies have continued. On January 28, 2015, Defendant Bank's assignor and predecessor filed in Bexar County an Application for Expedited Order of Foreclosure under Rule 736, *Tex. R. Civ. P.,* on the home equity loan. The Application completely ignored the factual history recited in this Amended Complaint, including the representations of fact in 2014, upon which Plaintiff relied in seeking a modification of the loan. A default letter appended to the Application is dated 8/22/2013. However, by letter

dated May 13, 2015, Defendant Bank's predecessor wrote Plaintiff to inform her that a dedicated Loan Specialist had been appointed to assist her and answer further questions regarding her loan status and render possible assistance. The 2015 Application filed under Rule 736, *Tex. R. Civ. P.* was dismissed.

12.     Plaintiff has recently received a letter dated, May 3, 2023, offering a forbearance, loan modification, repayment plan or short refinance, as alternatives. This occurred after Defendant Bank's filed an Amended Application for Expedited Foreclosure of a Lien Securing a Home Equity Loan and secured an Order, dated March 7, 2023. Defendant then posted a notice for sale of Plaintiff's property for June 6, 2023, with Patrick Armstrong, Mark Cummings, Jason West and Dick Vetters, Texas residents, named as substitute trustees. In essence, the Defendant is attempting a sale of property, with an invalid loan that was modified or agreed to be modified. Such actions put in issue the origination, servicing and enforcement of the contract and lien sought to be foreclosed.

## F. CAUSES OF ACTION
## COUNT 1- DECLARATORY JUDGMENT

13.     Plaintiff incorporates the foregoing allegations in support of this cause of action, as if set forth here in full.

14.     There exists a genuine controversy between Plaintiff and Defendant that would be resolved by the issuance of a declaratory judgment. First, the fraudulent overvalued appraisal supporting the loan was grossly overinflated and as such is void and illegal. Thus, Plaintiff is entitled to such a declaration and under the Texas Constitution a refund of all payments made on the original loan.

15.     Secondly, and in the alternative, Plaintiff contends that she was approved for and entered into a loan modification program with Defendant's predecessor that was affirmed in its September 6, 2014, letter (and implied in a May 15, 2015, letter).

16.     Thirdly, and in the alternative, Plaintiff was recently by letter of May 3, 2023, offered several different options regarding the loan, which are totally inconsistent with foreclosure and sale. Plaintiff alternatively requests the Court declare that Plaintiff is entitled to choose one of those options, in lieu of foreclosure and sale.

17.     Plaintiff is entitled to a declaration from this Court that Defendant and its assignor's predecessor's servicing and enforcement of the loan have been contrary to applicable contractual, legal, and equitable requirements or consideration. Plaintiff requests that, after notice and hearing, the Court enter a declaratory judgment declaring the contract, note and lien to be null and void under the Texas Constitution; that Defendant Bank's Amended Application under Rule 736 *Tex. R. Civ. P.* violates *Tex. Fin. Code Section* 392.301(a)(8); that because of Defendant Bank's predecessor's agreement to a modification, Defendant Bank has waived its entitlement to foreclose, without exhausting all non-foreclosure options; that by it's predecessor's conduct since Plaintiff first requested relief and modification, Defendant Bank is equitably estopped to foreclose without exhausting all non-foreclosure options, including a reasonable trial plan followed by a total loan modification; that by its's predecessor's conduct and its conduct, Defendant Bank is legally estopped to seek a recovery of more than two (2) years of penalties and interest Plaintiff has accrued on the loan; that Plaintiff recover from all Defendants her attorney's fees and

6

costs as are equitable and just; and that Plaintiff have such other and further relief, in law or in equity, general or special, to which she may be entitled.

## COUNT 2- STATUTORY FRAUD

18. Plaintiff incorporates the foregoing allegations in support of this cause of action, as if set forth herein full.

19. Plaintiff alleges that she entered into a transaction with Defendant's predecessor involving real estate. Plaintiff further alleges that during the transaction, the Defendant's predecessor made false statements of fact and benefitted by not disclosing that Defendant Ballew's representation as to the value of her property was false. Plaintiff further alleges that the false representation as to the fair market value of her property made by Defendant Ballew was made for the purpose of inducing the Plaintiff to enter into a contract with Defendant Bank's predecessor. The Plaintiff relied on the false representation as to the fair market value of her property made by Defendant Ballew by entering into the contract. Plaintiff further alleges that the reliance caused her injury and actual damages.

20. As a direct and/or proximate cause of the reliance, Plaintiff suffered actual damages consisting of all past payments made to Defendant's predecessor, pursuant to §27.01, *Tex. Bus. & Com. Code*. Plaintiff also sues for exemplary damages of two (2) times her actual damages, pre judgment interest and court costs. Finally, Plaintiff requests and sues for her attorney's fees, expert witness fees and deposition copy costs, pursuant to §27.01(e), *Tex. Bus. & Com. Code*.

21.     Plaintiff alleges that she did not discover, nor could she have discovered with reasonable diligence, the facts giving rise to this cause of action until 2023, as such was inherently undiscoverable and objectively verifiable.

### COUNT 3 MONEY HAD AND RECEIVED

22.     Plaintiff incorporates the foregoing allegations in support of this cause of action, as if set forth here in full.

23.     Additionally, and/or alternatively, Plaintiff alleges that the Defendant Bank, or its predecessor, holds her money in the form of a refund. Plaintiff alleges the money belongs to the Plaintiff in equity and good conscience.

24.     Plaintiff alleges that as a direct and/or proximate cause of the Defendant Bank, or it's predecessor, holding money she has suffered actual damages consisting of all monies she had previously paid the Defendant Bank or it's predecessor. Plaintiff also sues all Defendants for exemplary damages of two (2) times her actual damages because of fraud or malice. Plaintiff also requests prejudgment interest and court costs.

25.     Plaintiff alleges that she did not discover or could not have discovered with reasonable diligence facts giving rise to her claim for money had and received until at least 2023, because the nature of the injury was inherently undiscoverable and objectively verifiable.

### COUNT 4- VIOLATIONS OF THE TEXAS DEBT COLLECTION PRACTICE ACT

26.     Plaintiff incorporates the foregoing allegations in support of this cause of action, as if set forth herein in full.

27.     Plaintiff alleges that the Defendant Bank is a debt collector. The Plaintiff further alleges that the Defendant Bank committed wrongful acts in violation of the Texas Debt Collection Act. The wrongful acts were committed against the Plaintiff. The Plaintiff was injured as a result of the Defendant Bank's wrongful acts.

28.     First, the Defendant Bank used an unfair or unconscionable means to allegedly collect debt by using a false inflated appraisal on fair market value made by Defendant Ballew to support a loan in violation of the Texas Constitution. See: §392.303, *Tex. Fin Code*.

29.     Second, the Defendant Bank attempted to collect interest, a charge, or expense incidental to an alleged obligation, when the interest fee, charge or expense was not legally chargeable to the Plaintiff. See §392.303(b), §392.304(a)(8), *Tex, Fin Code*. Thirdly, Defendant Bank misrepresented the character, extent and amount of the alleged debt and misrepresented the Plaintiff's debt status in a judicial proceeding See: §392.304(a)(8), *Tex. Fin. Code.*

30.     As a result, proximate cause and/or direct or producing cause of the foregoing wrongful acts Plaintiff has suffered actual damages, additional damages, exemplary damages of two (2) times the actual damages and court costs, for which she now sues all Defendants. Plaintiff also sues for reasonable attorney's fees under §392.403(b), *Tex. Fin. Code*.

31.     Plaintiff invokes the discovery rule to any claim of limitations by Defendants. The discovery rule defers the accrual of the limitation period for unfair debt collection practice

claims based upon misrepresentations *Galindo v. Snoddy*, 415 S.W. 3d 905, 910 (Tex. App.-Texarkana 2013, no pet.).

COUNT 5- CONSPIRACY TO COMMIT
STATUTORY REAL ESTATE FRAUD

32.  Plaintiff incorporates the foregoing allegations in support of this cause of action.

33.  Plaintiff alleges that Defendant Bank's predecessor and Defendant Ballew were members of a combination of two or more persons. The object of the combination was to accomplish an unlawful purpose. The members had a meeting of the minds on the object or course of action. One of the members committed an unlawful, over act, that is the Defendant Ballew manufactured an unlawful appraisal, in order to further the object of the conspiracy or course of action. Plaintiff alleges that she suffered an injury as a proximate result of the wrongful act.

COUNT 6- ASSISTING AND PARTICIPATING
IN STATUTORY REAL ESTATE FRAUD

34.  Plaintiff incorporates the foregoing allegations in support of this cause of action.

35.  Plaintiff alleges that the Defendant Bank's predecessor activity accomplished statutory real estate fraud. Plaintiff further alleges that the Defendant Michael S. Ballew provided substantial assistance to Defendant Bank's predecessor in accomplishing the statutory real estate fraud. The Plaintiff alleges that the Michael S. Ballew's own conduct, separate and apart from the Defendant Bank's predecessor, was a breach of duty to Plaintiff. Finally, Plaintiff alleges that Michael S. Ballew's participation was a substantial factor in causing the real estate fraud.

## H DAMAGES

36. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered property damage, loss of a refund under the Texas Constitution and statutory damages.

## I. ATTORNEY FEES & COSTS

37. Plaintiff is entitled to an award of attorney's fees and costs under the Texas Declaratory Judgments Act, for statutory real estate fees and for violations of the Texas Debt Collection Practice Act.

## J. PRAYER

38. WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendants be summoned to appear and answer herein. Plaintiff prays further that upon final trial hereof, Plaintiff be awarded a declaratory judgment.

(a) that the loan and lien are null and void because not supported by a valid appraisal and therefore contrary to the Texas Constitution and all payments should be refunded to Plaintiff.

(b) that Defendant Banks conduct in seeking to enforce remedies on the loan violates applicable federal law and regulations

(c) that Defendant Banks Amended Application under Rule 736, *Tex. R. Civ. P.* violates *Tex. Fin. Code Section* 392.303(a)(8).

(d) Alternatively, that by the conduct since Plaintiff first requested relief and modification, Defendant Banks and its predecessor/assignor waived entitlement to foreclosure without exhausting all non-foreclosure remedies

(e) Alternatively, that by its conduct since Plaintiff first requested relief and modification, that Defendant Bank is equitable estoppel to foreclose, without exhausting all non-foreclosure options, including a reasonable trial plan followed by a loan modification
(f) Alternatively, that by its conduct since Plaintiff first requested relief and modification, Defendant Bank is legally and equitably estopped to seek a recovery of more than two (2) years of penalties and interest it has accrued on the loan

(g) that Plaintiff recover from Defendants her attorney's fees as are equitable and just; and

    Additionally, Plaintiff sues Defendants for:

(a) actual damages

(b) additional damages

(c) exemplary damages

(d) Reasonable and necessary attorney fees for statutory fraud and violations of the Texas Debt Collection Practice Act.

(e) Expert witness fees and deposition copy costs for statutory fraud.

(f) Prejudgment interest at the legal rate

(g) Such other relief; at law or in equity, which she may be entitled.

    Respectfully submitted,

*/s/ Wayne H. Paris*
State Bar No. 15462000
Paris Law Group, PLLC
2 Riverway, Suite 1080
Houston, Texas 77056
Telephone: (713)-951-9100
Facsimile: (713) 961-3082
Attorney in Charge for Plaintiff,
Kay H. Turner

## CERTIFICATE OF SERVICE

I hereby certify that a copy of Plaintiff's Amended Complaint has been served upon all interest counsel of record on the 28th day of June 2023 by electronic transmission.

/s/ *Wayne H. Paris*
Wayne H. Paris

Mr. Mark Douglas Crononwett
Mackie, Wolf, Zientz & Mann, P.C.
14160 N. Dallas Parkway, Suite 900
Dallas, Texas 75254
Email: mcrononwett@mwzmlaw.com