# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | |
|---|---|
| KAY H. TURNER, § | |
|     *Plaintiff*, § | |
| § | |
| v. § | Civil Action No. SA-23-CV-00735-XR |
| § | |
| U.S. BANK NATIONAL ASSOCIATION, § | |
| NOT IN IT'S INDIVIDUAL CAPACITY, § | |
| BUT SOLELY AS TRUSTEE FOR THE § | |
| RMAC TRUST, SERIES 2016CTT, § | |
| § | |
|     *Defendant*. § | |

## ORDER

On this day, the Court considered Defendant U.S. Bank National Association's Motion to Strike Plaintiff Kay Turner's Amended Complaint (ECF No. 21), Plaintiff's response (ECF No. 23), and Defendant's reply (ECF No. 26). The Court also considered Plaintiff's Opposed Motion for Leave to File an Amended Complaint (ECF No. 24), Defendant's response (ECF No. 27), Plaintiff's reply (ECF No. 28), and Defendant's sur-reply (ECF No. 30). Finally, the Court considered the arguments made by both parties at the status conference on August 24, 2023. After careful consideration, the Court issues the following order.

## BACKGROUND

On May 25, 2023, Kay Turner ("Plaintiff") filed her Original Petition in the 408th Judicial District of Bexar County (ECF No. 1-1 at 5–12), seeking a declaratory judgment that the contract, note, and lien associated with Plaintiff's home equity loan are void and that Defendant U.S. Bank National Association, not in its individual capacity, but solely as trustee for the RMAC TRUST, Series 2016CTT ("U.S. Bank") cannot foreclose on the property located at 7535 North New Braunfels Ave., San Antonio, Texas 78209. *Id*. On June 6, 2023, Plaintiff filed her First Amended

1

Original Petition in state court, asserting additional claims for statutory fraud, money had and received, and violations of the Texas Debt Collection Practices Act. ECF No. 1-1 at 14–24.

On June 9, 2023, Defendant timely removed the case to this Court on the basis of diversity jurisdiction. ECF No. 1. The same day, Defendant also filed its Original Answer and Counterclaim. ECF No. 3.

On June 28, 2023, Plaintiff filed her Amended Complaint, adding Michael Ballew as a defendant and asserting claims against him for statutory fraud, conspiracy to commit statutory real estate fraud, and assisting and participating in statutory real estate fraud. Her claims against Ballew arise from his appraisal of the property in 2006 for $410,000.00, an amount Plaintiff alleges was excessive and nearly twice the value of the home. ECF No. 11.

On July 19, Defendant U.S. Bank filed a motion to strike Plaintiff's Amended Complaint (ECF No. 21), arguing that Plaintiff failed to seek leave of Court to amend her First Amended Original Petition and add a non-diverse defendant, and alternatively arguing that Plaintiff added a non-diverse defendant solely to defeat diversity jurisdiction. Plaintiff acknowledged a split of authority regarding whether she was permitted to file an amended complaint as a matter of course or whether she needed to seek leave to do so since she was adding a non-diverse defendant. Plaintiff, "in an abundance of caution," filed her motion for leave to file an amended pleading on August 2, 2023 (ECF No. 24).

Plaintiff argues that adding Defendant Ballew is "required by justice because he generated the inflated excessive appraisal that is the crux and basis of Plaintiff's position that such is in violation of the Texas Constitution. But for Ballew's inflated appraisal, the loan would never have been made." *Id*. at 3. At the status conference on August 24, 2023, the Court took both motions under advisement.

**DISCUSSION**

**I.     Legal Standard**

Generally, Rule 15(a) of the Federal Rules of Civil Procedure governs amendment of pleadings before trial. Rule 15(a) permits a party to amend a pleading with the opposing party's consent or the court's leave, and provides that leave should be given "freely . . . when justice so requires." FED. R. CIV. P. 15(a).

In exercising its discretion under Rule 15(a), the district court considers such factors as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowing the amendment, and futility of amendment." *N. Cypress Med. Center Operating Co., Ltd. v. Aetna Life Ins. Co.*, 898 F.3d 461, 477 (5th Cir. 2018).

**II.    Analysis**

As explained in open court on August 24, 2023, the dispositive issue in both motions is whether or not Plaintiff's addition of Michael Ballew as a defendant in her Amended Complaint is futile. Accordingly, the Court will focus its analysis on the futility of the amendment. Although the parties filed separate motions, there is significant overlap among the arguments made in the motions and accompanying responses. Accordingly, the Court will address the motions together.

Defendant's main contention is that, even though Plaintiff mentioned Ballew by name in both her Original Petition and First Amended Petition in state court, she did not seek to join Ballew as a new defendant until after removal to this Court. Defendant argues that "Plaintiff fails to identify why now, three complaints later, Ballew is suddenly a necessary party to this case or why he was not included in this lawsuit from the onset other than that 'Plaintiff's counsel did not represent [Plaintiff] in the foreclosure proceeding in state court and did not review the claim

against Ballew until after the removal.'" ECF No. 27 at 2 (quoting ECF No. 23 at 7). Defendant contends Plaintiff was dilatory and only seeks to add Ballew to defeat diversity jurisdiction. Defendant further contends that Plaintiff otherwise fails to state a valid claim for relief against Ballew and that the amendment is therefore futile. For the reasons that follow, the Court agrees.

Notably, Plaintiff was required to sign an Acknowledgement of Fair Market Value ("Acknowledgment"), which now precludes her from challenging the fair market value of the home at the time the loan closed. Specifically, the Texas Constitution provides that:

> [a] lender or assignee for value may conclusively rely on the written acknowledgment as to the fair market value of the homestead property made in accordance with Subsection (a)(6)(Q)(ix) of this section if:
> (1) the value acknowledged to is the value estimate in an appraisal or evaluation prepared in accordance with a state or federal requirement applicable to an extension of credit under Subsection (a)(6); and
> (2) the lender or assignee does not have actual knowledge at the time of the payment of value or advance of funds by the lender or assignee that the fair market value stated in the written acknowledgment was incorrect.

Tex. Const. art. XVI § 50(h).

In relevant part, the Acknowledgment that Plaintiff signed provides:

> We, the undersigned Owner/Borrower(s) and Lender further acknowledge that Lender is making such an extension of credit to Owner/Borrower(s) secured by the Homestead Property on AUGUST 3, 2006; that the extension of credit is being closed on this date at the office of CHICAGO TITLE; and that on this date the fair market value of the Homestead Property is $410,000.00; and

> We, the undersigned Owner/Borrower(s) and Lender further acknowledge that Lender is relying on this written acknowledgement by Owner/Borrower(s) as to the fair market value of the Homestead Property as a condition of making the extension of credit and has no knowledge, or reason to believe, that the fair market value of the Homestead Property stated in this written acknowledgment is incorrect.

4

*See* Exhibit ECF No. 27-1 at 1; *see also* ECF No. 29-1 at 85–86 (Plaintiff's signed "Notice to Applicant of Right to Receive Copy of Appraisal Report" and Plaintiff's signed "Appraisal Disclosure").

Having signed the Acknowledgment, Plaintiff was put on notice as to the appraisal price of $410,000.00 and the four-year statute of limitations therefore bars all of Plaintiff's claims against Ballew for statutory fraud, conspiracy to commit statutory real estate fraud, and assisting and participating in statutory real estate fraud. *See In re Ortegon*, 398 B.R. 431, 441 (Bankr. W.D. Tex. 2008) ("[T]he applicable four-year period for limitations . . . bars all claims made in Plaintiffs' Original Complaint that a violation of Texas Constitution Art. 16, Sec. 50(a)(6)(Q)(iii) occurred when, at the loan closing on April 16, 2003, Plaintiff Ortegon signed the Affidavit of Acknowledgment as to Fair Market Value of Homestead Property.); *see also* TEX. CIV. PRAC. & REM. CODE § 16004(a)(4) (establishing a four-year statute of limitations for fraud actions).

Plaintiff contends that she "had no way of knowing that any acknowledgment of the appraisal she signed was false and contained a material misrepresentation." ECF No. 28 at 7. In a factually similar case, however, the Court rejected the same argument. *See Hannaway v. Deutsche Bank Nat. Tr. Co.*, No. A-10-CV-714-LY, 2011 WL 891669, at *6 (W.D. Tex. Mar. 11, 2011), *report and recommendation adopted sub nom. Hannaway v. Deutsche Bank Nat'l Tr. Co.*, No. A-10-CA-714-LY, 2011 WL 13324098 (W.D. Tex. Apr. 6, 2011) (Plaintiff "could have easily become aware of the fair market value of her home at the time she closed on the Loan with little effort."). Accordingly, the *Hannaway* Court held that the information regarding the fair market value of the home was not "inherently undiscoverable," and that the discovery rule therefore did not apply to toll the statute of limitations. *Id*. For the same reasons, the Court holds that the four-year statute of limitations bars Plaintiff's claims against Ballew.

Finally, the Court notes that Plaintiff's citation to *Haynes v. Peters* as support for her argument that a non-diverse party who conducted the appraisal in the property was allowed to be permissively joined is factually dissimilar to the instant case. *See* 403 F. Supp. 3d 1072 (D.N.M. 2019). Importantly, the party sought to be joined in *Haynes* was the corporate entity of the appraisal agent who had already been identified as a defendant in the lawsuit. Ballew, by contrast, is an independent third-party contractor who conducted the appraisal at issue more than seventeen years ago.

## CONCLUSION

Plaintiff's Motion for Leave to File an Amended Complaint to Join Michael Ballew as a Defendant (ECF No. 24) is **DENIED**. Defendant's Motion to Strike Plaintiff's Amended Complaint (ECF No. 21) is **DENIED AS MOOT** based on the Court's prior ruling.

It is so **ORDERED**.

**SIGNED** August 24, 2023.

                                         XAVIER RODRIGUEZ
                                         UNITED STATES DISTRICT JUDGE