IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

KAY H. TURNER,                                     §
                                                   §
              *Plaintiff,*                         §
                                                   §
vs.                                                §
                                                   §          5-23-CV-00735-XR-RBF
U.S. BANK NATIONAL ASSOCIATION,                    §
NOT IN IT'S INDIVIDUAL CAPACITY,                   §
BUT SOLELY AS TRUSTEE FOR THE                      §
RMAC TRUST, SERIES 2016CTT,                        §
                                                   §
              *Defendant.*                         §

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

**To the Honorable United States District Judge Xavier Rodriguez:**

This Report and Recommendation concerns (1) Plaintiff Kay Turner's Motion for Leave to Amend the Complaint, Dkt. No. 51, (2) Turner's combined Motion to Exclude and Motion to Dismiss Defendant U.S. Bank National Association, solely as trustee for the RMAC Trust, Series 2016CTT's Counterclaims, Dkt. No. 48, (3) U.S. Bank's Motion for Summary Judgment, Dkt. No. 37, (4) Turner's Motion to Strike U.S. Bank's Motion for Summary Judgment, Dkt. No. 41, and (5) Turner's Motion to Extend Scheduling Order Deadlines, Dkt. No. 56. The District Court referred these pretrial matters to the Magistrate Judge, pursuant to Rules CV-72 and 1 of Appendix C to the Local Rules for the United States District Court for the Western District of Texas. *See* Dkt. No. 52.

For the reasons set forth below, Turner's Motion for Leave to Amend the Complaint, Dkt. No. 51, should be **DENIED** as futile. Further, Turner's combined Motion to Exclude and Motion to Dismiss, Dkt. No. 48, should be **DENIED**. U.S. Bank's Motion for Summary

Judgment, Dkt. No. 37, should be **GRANTED** and Turner's Motion to Strike U.S. Bank's Motion for Summary Judgment, Dkt. No. 41, should be **DENIED**.

Finally, Turner's Motion to Extend Scheduling Order Deadlines, Dkt. No. 56, is **DENIED**.

In sum, Plaintiff's claims should be dismissed with prejudice and judgment should be entered for U.S. Bank on its claim for affirmative relief, with a future hearing set to determine appropriate attorneys' fees.

## Factual and Procedural Background

This is a mortgage-foreclosure case that has lasted a very long time. Plaintiff Kay Turner took out a home-equity loan in August of 2006. Dkt. No. 11 ¶ 7. Along with the note, Turner executed a security instrument, securing payment of the loan with her home. Dkt No. 37-1 at 110-124. The security instrument changed hands several times, most recently from Nationstar Mortgage LLC, which obtained ownership in 2012, to Defendant U.S. Bank, which obtained ownership in 2018 and currently holds the instrument. Dkt. Nos. 37-2 at 43 (assignment to Nationstar) & 11 ¶ 11 (referring to Nationstar as U.S. Bank's "assignor and predecessor"). A third-party, Rushmore Loan Management Services LLC, services the loan on behalf of U.S. Bank. Dkt. No. 37-1 at 164.

Turner made payments on the loan until May 2012, when she "suffered setbacks in her health and business." Dkt. No 11 ¶ 8. In May of 2015, Turner sued Nationstar in state court seeking a declaratory judgment that Nationstar could not foreclose on the property. Dkt. No. 37-2; *see also Turner v. Nationstar Mortgage, LLC*, No. DC-15-05902 (44th Dist. Ct., Dallas County, Tex. Jan. 12, 2017). Nationstar filed for summary judgment, which the state court granted, dismissing all of Turner's claims with prejudice. Dkt. No. 37-2 at 341. Nationstar then

filed a separate suit in state court to start the foreclosure process before transferring ownership of the instrument to U.S. Bank. Dkt. No. 37 at 15; *see also Nationstar Mortgage LLC v. Turner*, No. 2017CI14078 (438th Dist. Ct., Bexar County, Tex. Mar. 7, 2023).

After acquiring the loan, U.S. Bank sent Turner various letters to attempt to refinance the mortgage, the most recent being a letter sent in May of 2023. Dkt. No. 11 ¶ 12. Nothing in the record shows that Turner accepted any of these refinancing offers. U.S. Bank mailed Turner a Notice of Default on February 21, 2019, via certified mail, informing her that the loan was in default and subject to acceleration. Dkt. Nos. 37 at 6-7 & 37-1 at 86-92, 133-143. Turner did not cure the default. Dkt. No. 37 at 6-7. U.S. Bank later filed an Application for Foreclosure, after acquiring the lien, in state court on March 7, 2023. Dkt. Nos. 11 ¶ 12 & 37-1 at 159; *Nationstar*, No. 2017CI14078. The state court granted that application on March 7, 2023, and U.S. Bank posted a notice of sale for Turner's property on June 6, 2023. Dkt. No. 11 ¶ 12.

With foreclosure imminent, Turner again sued the holder of her lien—now U.S. Bank—in state court on May 25, 2023, seeking to halt the foreclosure. Dkt. Nos. 1 (original filing) & 11 (live complaint); *Turner v. U.S. Bank Nat'l Ass'n*, No. 2023CI10390 (408th Dist. Ct., Bexar County, Tex. June 9, 2023). Among other claims, Turner alleged that the loan amount violated the Texas Constitution, which forbids mortgage loans in excess of 80% of a property's value, that she entered into a loan modification agreement, and that the original property-value assessment was fraudulently inflated. *Id*. U.S. Bank removed the case to this court on diversity grounds and filed an answer and counterclaim seeking permission to foreclose on Turner's property and recover attorneys' fees under the terms of the mortgage contract. Dkt. No. 3. According to U.S. Bank's counterclaim, Turner owes over $761,091.17 on the property, with additional amounts accruing. Dkt. No 37 at 7.

Sometime in September of 2023, Turner retained her current counsel. While in the process of retaining her current counsel, Turner filed a request to amend her complaint. *See* Dkt. No. 38 (court-only docket entry). Although that request was struck by the District Court, Dkt. No. 50, Turner served the motion and amended complaint on U.S. Bank, and the documents remain viewable on the docket by the Court (and any reviewing court). After retaining her current counsel, Turner sought reconsideration of the District Court's order striking her motion to amend. Dkt. No. 51.

The Court held a hearing on April 10, 2024, to consider the pending motions and status of the case. *See* Dkt. No. 64. The Court found at the April 10 hearing that Turner's reconsideration motion, *see* Dkt. No. 51, should be construed as a motion for leave to amend, and that she had demonstrated excusable neglect in connection with her amendment request, *see* Dkt. Nos. 67 (hearing transcript) & 70 (order). The Court then afforded the parties an opportunity to brief whether the requested amendment in the newly construed motion would be futile. Dkt. No. 70. Each side filed a brief addressing the topic of amendment. *See* Dkt. Nos. 69 & 71. All pending motions in this matter are now ripe for adjudication.

## Analysis

The Court first considers Turner's request to amend her complaint, and the other pending dispositive motions she filed, finding that those should be denied. The Court then takes up U.S. Bank's Motion for Summary Judgment, finding that it should be granted in full and that Turner's motion to strike U.S. Bank's summary judgment motion should be denied. Finally, the Court denies Turner's request to amend the scheduling deadlines in this case.

### A.  Turner's Request to Amend the Complaint Should Be Denied as Futile.

As discussed at the hearing held on April 10, 2024, the Court construes Turner's reconsideration motion, Dkt. No. 51, as a Motion for Leave to Amend the Complaint. *See* Dkt. Nos. 67 & 70. The proposed amended complaint includes two claims, both of which fail to survive the Federal Rule of Civil Procedure 12(b)(6) analysis that applies to a request for leave to amend; the request to amend should therefore be denied. *See Rio Grande Royalty Co., Inc. v. Energy Transfer Partners, L.P.*, 620 F.3d 465, 468 (5th Cir. 2010) (noting that leave to amend is properly denied when the proposed amendment cannot survive Rule 12(b)(6) analysis).

"To survive a [Rule 12(b)(6)] motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Although a complaint "does not need detailed factual allegations," the "allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The allegations pleaded must show "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678.

The two claims raised in Turner's Proposed Second Amended Complaint are, first, a request for a declaration concerning U.S. Bank's ability to pursue a foreclosure remedy. *See* Dkt. No. 38 at 26 ("Defendant had no standing to remove the case to this Court to continue its pursuit of foreclosure on the Plaintiff's Property because it has not fully shown itself to be a holder in due course with the right to enforce the Note or that anyone suffered any concrete injury-in-fact therein . . . ."). Second, the Proposed Second Amended Complaint raises a claim seeking a full

accounting in connection with the loan at issue. *Id.* at 31. As pleaded in the Proposed Second Amended Complaint, *see* Dkt. No. 38 at 10-33, these claims fail as a matter of law.

The Court begins with Turner's request for a declaration. Although the declaration is brought under Texas law, "[t]he Texas Declaratory Judgment Act is a procedural mechanism that is inapplicable in federal court." *Piazzo v. Allstate Indem. Co.*, 601 F. Supp. 3d 189, 195 (S.D. Tex. 2022) (citing *Utica Lloyd's of Tex. v. Mitchell*, 138 F.3d 208, 210 (5th Cir. 1998)); *see also Self-Ins. Inst. of Am., Inc. v. Korioth*, 53 F.3d 694, 697 (5th Cir. 1995). "When a declaratory judgment action filed in state court is removed to federal court, the federal court does not apply the Texas Declaratory Judgment Act." *Collins v. Nat'l Football League*, 566 F. Supp. 3d 586, 602 (E.D. Tex. 2021). The Court will therefore construe Turner's request for a declaration as one made under the Federal Declaratory Judgment Act. *See, e.g.*, *Johnson v. PNC Bank, N.A.*, No. 5-20-CV-00245-FB-RBF, 2021 WL 3145662, at *6 (W.D. Tex. July 26, 2021) (citing cases), *report and recommendation adopted* No. SA-20-CV-245-FB, 2021 WL 5202253 (W.D. Tex. Aug. 10, 2021).

A request for a declaration typically requires an underlying substantive claim because "declaratory relief is a procedural device for granting a remedy and 'does not create any substantive rights or causes of action.'" *Cazamias v. Devon Energy Prod. Co., L.P.*, No. 5:14-CV-86, 2016 WL 4773329, at *2 (S.D. Tex. Jan. 6, 2016), *aff'd*, 661 Fed. Appx. 817 (5th Cir. 2016) (quoting *Sid Richardson Carbon & Gasoline Co. v. Interenergy Res., Ltd.*, 99 F.3d 746, 752 n.3 (5th Cir. 1996)). Here, however, the Proposed Second Amended Complaint includes no viable underlying substantive claim; it merely requests relief in the form of a declaration and an accounting. As other courts have noted, "with no surviving substantive claims on which to grant declaratory relief, Plaintiffs' request for declaratory judgment is [ ] subject to summary

dismissal." *Id*.; *see also Lawry v. Bank of New York Mellon Tr. Co., N.A.*, 797 Fed. Appx. 152, 156 (5th Cir. 2019); *Smitherman v. Bayview Loan Servicing, LLC*, 727 Fed. Appx. 787, 792 (5th Cir. 2018); *W & L Ventures, Inc. v. E. W. Bank*, No. CIV.A. H-13-00754, 2014 WL 1248151, at *4 (S.D. Tex. Mar. 26, 2014) (request for declaration with no underlying claim akin to "no claim").

Even if the Court were to generously construe the Proposed Second Amended Complaint as somehow properly seeking a declaration on the validity of an assignment of rights to U.S. Bank, doing so would not assist Turner. As described in U.S. Bank's brief, Turner lacks standing to attack the assignment. *See* Dkt. No. 69 at 5-9 (collecting and discussing authorities including *Reinagel v. Deutsche Bank Nat'l Trust Co*., 735 F.3d 220 (5th Cir. 2013)). And, for the reasons asserted in U.S. Bank's brief, there is no doubt here that U.S. Bank has standing to foreclose. *See id.* at 8-10.

Next, the Proposed Second Amended Complaint purports to seek a full accounting. This request fails for much the same reason as the request for a declaration: There is no underlying cause of action pleaded.

> An accounting is 'a remedy, not a cause of action, and cannot stand as an independent claim.' *Barcenas v. Fed. Home Loan Mortg. Corp*., No. H-12-2466, 2013 WL 286250, at *9 (S.D. Tex. Jan. 24, 2013). It is not available if the plaintiff fails to allege a plausible cause of action. *Id*. (citing *Franklin v. BAC Home Loans Servicing, LP*., No.3:10-cv-1174-M, 2012 WL 2679496, at *12 (N.D. Tex. June 6, 2012)); *see also Casey v. Fed. Home Loan Mortg. Ass'n*, No. H-11-3830, 2012 WL 1425138, at *9 (S.D. Tex. Apr. 23, 2012) (dismissing the plaintiff's request for an accounting for failure to allege a theory in support).

*Suniverse, LLC v. Ameriquest Mortgage Co*., No. CV H-18-3320, 2019 WL 291982, at *4 (S.D. Tex. Jan. 23, 2019). Moreover, this Court has previously rejected a similar request, and the reasoning offered there applies here:

> If construed as a request for a particular form of relief, Plaintiffs' request for an accounting must be dismissed because none of Plaintiffs' causes of action have survived . . . , and thus the request for relief is not supported by a live cause of action. . . . To the extent that Plaintiffs request an accounting 'to determine which entity (or investor) . . . is the legitimate holder of Plaintiffs' loan,' the Court finds that Plaintiffs are simply reasserting their argument that Defendant needs to establish itself as the holder of Plaintiffs' note in order to foreclose on their property. The Court has considered and disposed of Plaintiffs' argument above.

*Wallingsford v. Chase Bank, Nat. Ass'n,* No. SA-12-CV-341-XR, 2013 WL 588755, at \*10 (W.D. Tex. Feb. 12, 2013).

Because the two claims pleaded in the Proposed Second Amended Complaint fail as a matter of law, the request to amend should be denied as futile.

**B.      Turner's Combined Motion to Strike U.S. Bank's Expert and Motion to Dismiss Should be Denied.**

Having resolved Plaintiff Turner's pending Motion to Amend the Complaint, the Court next turns to Turner's Motion to Strike U.S. Bank's Expert and Motion to Dismiss; these motions, filed as a single document, are meandering and difficult to understand. Regardless, both should be denied for the reasons explained below.

**1.**      *Turner's Motion to Strike U.S. Bank's Expert should be denied.* As part of its request to recover attorney's fees, U.S. Bank filed a designation listing U.S. Bank's counsel as an expert witness "to testify as to the attorneys' fees incurred by Defendants in the foreclosure proceedings . . . that is [sic] the subject of this lawsuit." Dkt. No. 47 at 1. Turner takes issue with this designation for two reasons, neither of which convinces the Court.

First, Turner deems U.S. Bank's efforts to recover attorneys' fees and costs of suit "superfluous, improper and untimely," apparently because U.S. Bank did not file a sur-response or answer to Turner's Motion to Amend the Complaint. Dkt. No. 48 at 2. That failure to file a sur-response is wholly unrelated to U.S. Bank's expert designation, and the Court finds it is not a

8

basis to deny the designation. In any event, sur-responses and sur-replies are disfavored in this Court. The local rules allow a party in opposition to file a response to a motion, and for the submitting party to file a reply but "[a]bsent leave of court, no further submissions on [a] motion are allowed." Local Rule CV-7(E). U.S. Bank was also not required to file an answer to Turner's proposed amended complaint because the Court had not yet granted leave to amend. U.S. Bank's failure to file a sur-response is therefore not a basis to strike its expert designation.

Second, Turner argues that the Court should strike the designation because U.S. Bank "knowingly failed to meet conditions precedent prior to appearing as a Counter-Plaintiff." Dkt. No. 48 at 2. In support of her argument, Turner alleges that U.S. Bank has presented fraudulent documents, broadly "broke[n] the law," and is acting at the behest of Rushmore Loan Management "in order to unjustly enrich itself . . . [by] commit[ing] fraud upon this Court." *Id*. at 3. Turner further asserts that the mere filing of the expert designation "clearly intimates that this Court intends on rendering a Summary Judgment in [U.S. Bank]'s favor and that [U.S. Bank] is already entitled to attorney's fees" even though the Court has not yet ruled on the issue. *Id*. at 5.

The Court finds these arguments unpersuasive. Turner points to no evidence for her irresponsible assertions of fraud. Further, evidence negating U.S. Bank's counterclaims might result in U.S. Bank's expert designation becoming moot, but that evidence is not a basis for striking an expert designation itself. Unfortunately for Turner, the Court finds that U.S. Bank's counterclaims survive Turner's Motion to Dismiss, as explained below.

**2.**      *Turner's Motion to Dismiss U.S. Bank's counterclaim should be denied.* Turner asserts three reasons why U.S. Bank's counterclaim seeking foreclosure should be dismissed under Federal Rule of Civil Procedure 12(b)(6). None persuades the Court.

***The legal standard applicable to Turner's Motion to Dismiss requires taking U.S. Bank's pleaded facts as true.*** As discussed with Turner's Request to Amend the Complaint, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Although a complaint "does not need detailed factual allegations," the "allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The allegations pleaded must show "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678.

In reviewing a motion to dismiss under Rule 12(b)(6), a court "accepts all well-pleaded facts as true, viewing them in the light most favorable" to the non-moving party. *Martin K. Eby Const. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004) (quotation marks omitted). A court, however, need not credit conclusory allegations or allegations that merely restate the legal elements of a claim. *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 469 (5th Cir. 2016) (citing *Iqbal*, 556 U.S. at 678).

Finally, courts in the Fifth Circuit generally only consider facts alleged within the "four corners of the . . . complaint when ruling on a Rule 12(b)(6) motion." *Morgan v. Swanson*, 659 F.3d 359, 401 (5th Cir. 2011). However, courts may consider extrinsic documents if the document is attached to the motion to dismiss, referred to in the complaint, and central to the plaintiff's claims. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).

***Turner's three arguments supporting her Motion to Dismiss fail to persuade the Court.*** First, Turner asserts that U.S. Bank lacks standing because it has not suffered an injury in

fact. Dkt. No. 48 at 5-6. In support, Turner alleges that U.S. Bank "has proven no personal interest in the property or purported subject debt . . . nor proof of having suffered any damages at the hand of [Turner]." *Id*. at 6.

Standing can be a constitutional or prudential issue. *See, e.g.*, *Maxim Crane Works, L.P. v. Zurich Am. Ins. Co.*, 11 F.4th 345, 350 (5th Cir. 2021). Thus, standing can be challenged under Rule 12(b)(6), which examines the adequacy of a party's "claim upon which relief can be granted" or (b)(1), which examines a court's subject matter jurisdiction to hear the claim in question. *See id*. Lack of constitutional standing is jurisdictional. *See id.* The injury in fact requirement for constitutional standing means a party "must have suffered an . . . invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992) (internal quotations and citations omitted).

Here, although it is unclear whether Turner brings a prudential or constitutional standing challenge, the challenge fails applying either Rule 12(b)(6) or 12(b)(1). U.S. Bank pleaded that it "is the current holder of the Loan Agreement and Security Instrument," that "the Loan Agreement provides that should [Turner] fail to make payments . . . or . . . fail to comply with any or all . . . covenants and conditions of the Security Instrument, then [U.S. Bank] may enforce the Loan," that "[Turner] failed to make her payments," and that U.S. Bank's loan servicer provided notice of default to Turner via certified mail. Dkt. No. 3 at 10-11. These pleaded facts, taken as true, show that U.S. Bank is authorized as the current loan holder to enforce a breach of the Loan Agreement, there is an invasion of U.S. Bank's legally protected interests in the Loan Agreement, and that it suffered actual harm by Turner's failure to make timely payments. *See Physician Hosps. of Am. v. Sebelius*, 691 F.3d 649, 652 (5th Cir. 2012) (noting that "at the Rule

11

12(b)(1) stage of the proceedings, the plaintiffs' burden is to allege a plausible set of facts establishing jurisdiction" (citing *Davis v. United States*, 597 F.3d 646, 649-50 (5th Cir. 2009)). U.S. Bank's pleadings therefore survive both a Rule 12(b)(6) and 12(b)(1) analysis.

Second, Turner somewhat confusingly argues that "the note and security instrument were securitized outside the purview of" U.S. Bank. Dkt. No. 48 at 8. Although it is difficult to discern Turner's point, she apparently takes issue with this alleged securitization because it converted the loan agreement "from a debt instrument into an equity instrument" through an electronic process which "at best, constitutes identify theft . . . for obtaining information under false pretenses." *Id.* at 9. Turner bases her identity-theft allegations on the idea that a prior holder of Turner's mortgage "shopped" her information to Wall Street investors "BEFORE the Plaintiff signed her closing documents." *Id.* at 9 (capitalization in original). This outside-the-pleadings argument fails. At the motion-to-dismiss stage, the Court looks at U.S. Bank's counterclaim and accepts all well-pleaded facts as true. Whatever outside-the-pleadings issues with securitization of loans and identify theft Turner seeks to conjure, they are irrelevant to the Court's Rule 12 analysis of U.S. Bank's straightforward counterclaim.

Third, Turner makes a procedural argument that the Court lacks jurisdiction to rule on U.S. Bank's counterclaims and Turner's Motion to Dismiss because Turner has challenged U.S. Bank's standing for its counterclaim and so the Court cannot proceed until ruling on that issue. *Id.* Putting aside the accuracy of this argument's premise, the Court has already concluded herein that U.S. Bank has sufficiently alleged its standing. Turner's Motion to Dismiss U.S. Bank's Counterclaims, Dkt. No. 48, should be denied.

**C.      Summary Judgment Should be Granted in U.S. Bank's Favor and Turner's Motion to Strike U.S. Bank's Motion for Summary Judgment Should be Denied.**

U.S. Bank's Motion for Summary Judgment, Dkt. No. 37, argues that Turner's claims should be dismissed because of *res judicata* and lack of evidence regarding Turner's loss-mitigation claims. The Court agrees.

In the live First Amended Complaint, *see* Dkt. No. 11, Turner raises various claims for declaratory relief, including declarations that (a) the lien securing her loan is void because it violates the Texas Constitution by involving a loan amount in excess of 80% of the fair market value of the property; (b) Turner was approved for and entered into a loan modification program, as confirmed by two letters dated September 6, 2014, and May 15, 2015, respectively; (c) Turner was recently—in a May 3, 2023, letter—offered various options regarding the loan that are inconsistent with foreclosure and from which she is entitled to choose; and (d) the servicing and enforcement practices of U.S. Bank's predecessor in interest were contrary to law. The complaint also raises claims for statutory fraud; money had and received; and violations of the Texas Debt Collection Practices Act.

**1.**      *The legal standard for summary judgment requires viewing the evidence in a light most favorable to Turner.* Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *see also* Fed. R. Civ. P. 56(c). A fact dispute is genuine only if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

13

The party moving for summary judgment bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Catrett*, 477 U.S. at 323. Once the movant carries its burden, the burden shifts to the nonmoving party to demonstrate a genuine issue for trial. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp*., 475 U.S. 574, 587 (1986); *Wise v. E.I. Dupont de Nemours & Co*., 58 F.3d 193, 195 (5th Cir. 1995). In carrying its burden, the nonmovant must respond to the motion by setting forth particular facts reflecting a genuine issue for trial. *Miss. River Basin Alliance v. Westphal*, 230 F.3d 170, 174 (5th Cir. 2000). The parties may satisfy their respective burdens by tendering depositions, affidavits, and other competent evidence. *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir. 1992). The Court views the summary judgment evidence in the light most favorable to the nonmovant. *Rosado v. Deters*, 5 F.3d 119, 123 (5th Cir. 1993). The Court may consider evidence at summary judgment so long as it could be presented in a form that would be admissible at trial. *See* Fed. R. Civ. P. 56(c)(2).

"After the non-movant has been given the opportunity to raise a genuine factual issue, if no reasonable juror could find for the non-movant, summary judgment will be granted." *Westphal*, 230 F.3d at 174. If, however, the party moving for summary judgment fails to satisfy its initial burden, the motion must be denied, regardless of the nonmovant's response. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc).

**2.** *U.S. Bank's Motion for Summary Judgment on Turner's claims should be granted.* Turner's claims seeking the declarations listed above in subheadings (a), (b), and (d) as well as the statutory fraud, money had and received, and Texas Debt Collection Practices Act claims all fail under applicable Texas state law principles of *res judicata*. Texas law applies

14

because the prior judgment at issue here—the judgement entered in the suit Turner brought against Nationstar in 2015—was entered by a Texas court. *See Jones v. Sheehan, Young & Culp, P.C.*, 82 F.3d 1334, 1338 (5th Cir. 1996) ("When a federal court is asked to give res judicata effect to a state court judgment, the federal court must determine the preclusiveness of that state court judgment under the res judicata principles of the state from which the judgment originates.") (citations omitted).

*Res judicata* under Texas law requires the following: "(1) a prior final judgment on the merits by a court of competent jurisdiction; (2) identity of parties or those in privity with them; and (3) a second action based on the same claims that were raised or could have been raised in the first action." *Calderon v. Bank of N.Y. Mellon*, 791 F. App'x 453, 456 (5th Cir. 2019) (quoting *Citizens Ins. Co. of Am. v. Daccach*, 217 S.W.3d 430, 449 (Tex. 2007)) (cleaned up). Each requirement is met here.

First, the Texas court entered a final judgment in response to summary judgment briefing, which is a judgment on the merits for present purposes. *See Flores v. Edinburg Consol. Indep. Sch. Dist.*, 741 F.2d 773, 775 n.3 (5th Cir. 1984); *see also* Dkt. No. 37-2 (state court documentation).

Second, the parties are the same or are in privity with the parties in the first action. The only possible doubt with respect to this requirement is whether U.S. Bank is sufficiently in privity with its predecessor Nationstar, such that U.S. Bank can invoke *res judicata* in connection with a final judgment involving Nationstar. The case law is clear in indicating that U.S. Bank is in privity with Nationstar because of their assignee-assignor relationship. *See Maxwell v. U.S. Bank Nat. Ass'n*, 554 F. App'x 470, 473 (5th Cir. 2013) (noting, "[l]egal relationships such as 'preceding and succeeding owners of property, bailee and bailor, and

assignee and assignor' justify preclusion" by establishing privity (quoting *Taylor v. Sturgell*, 553 U.S. 880, 894 (2008)).

Third, the second action (*i.e.*, this action) is based on the same claims as the first action or on claims that could have been raised in the first action. A short timeline is instructive. Turner sued in state court in May of 2015. Dkt. No. 37-2. That lawsuit concerned the loan at issue in this case. *Id*. In the prior lawsuit, Turner likewise alleged violations of federal law and the Texas Financial Code in relation to the loan holder's attempts to collect, and asked the state court to find that the holder was equitably estopped from foreclosing on the home without first exhausting all non-foreclosure options. *See Id*. at 10. Nationstar, U.S. Bank's predecessor in interest, filed a motion for summary judgment in that case on August 31, 2016. Dkt. No. 37-2. Turner responded on January 4, 2017. *Id*. That litigation involved the same operative set of facts as the present litigation, up until Nationstar filed its summary judgment motion at the end of August 2016. Here, the three requests for declarations, as well as the claims for statutory fraud, money had and received, and violations of the Texas Debt Collection Practices Act all involve alleged acts that predate August 2016. The claims, in other words, could have been brought in that prior litigation but were not. Under Texas principles of *res judicata*, those claims are now barred. *See, e.g.*, *Calderon*, 791 F. App'x at 456.

The final claim seeking a declaration based on a loan modification agreement also fails but not because of *res judicata*. According to the live complaint, Turner was "offered" in a May 3, 2023, letter various options regarding the loan. Dkt. No. 11 ¶ 12. As pleaded, however, this claim involves merely an "offer." Turner does not allege that she accepted any such offer orally or in writing. The sought-after declaration, therefore, fails as a matter of law as it cannot—as it is pleaded in the complaint—affect Turner's obligations under the existing agreement. *See, e.g.*,

16

*Gordon v. JP Morgan Chase Bank, N.A.*, 505 F. App'x 361, 364 (5th Cir. 2013) (per curiam) (holding that valid loan modification requires acceptance of an offer and that the Texas Statute of Frauds applies to mortgage-loan modifications where the loan value exceeds $50,000 such that modifications must be in writing and signed).

**3.**     *U.S. Bank's Motion for Summary Judgment on its counterclaims should be granted.* U.S. Bank's motion also asks the Court to grant its motion with respect to its counterclaims against Turner. The claims seek an order allowing foreclosure and payment of attorneys' fees under the contract because it has met the requirements to foreclose under Texas law; the Court agrees.

**U.S. Bank's Motion for Summary Judgment should be granted with respect to its request for a foreclosure.** The requirements for foreclosure under Texas law are as follows:

> To foreclose under a security instrument in Texas with a power of sale, the lender must demonstrate that: (1) a debt exists; (2) the debt is secured by a lien created under Art. 16, § 50(a)(6) of the Texas Constitution; (3) plaintiffs are in default under the note and security instrument; and (4) plaintiffs received notice of default and acceleration. TEX. PROP. CODE § 51.002.

*Houston v. U.S. Bank Nat. Ass'n*, 988 F. Supp. 2d 732, 740 (S.D. Tex. 2013), *aff'd*, 583 F. App'x 306 (5th Cir. 2014). Regarding the fourth requirement, Texas law requires that two notices be sent, first a notice of default with a 20-day window for the borrower to cure, then a notice of sale, again with a 20-day window for the borrower to cure, before the lender can schedule the sale. *See* Tex. Prop. Code § 51.002(b), (d). The specific terms of Turner's security instrument required U.S. Bank to provide at least 30-days' notice for her to cure any default. Dkt. No. 37-1 at 121.

All four of these elements are met. First, there is no dispute that Turner executed a promissory note on the home in question, establishing the existence of a debt. Dkt. No. 11 ¶ 7.

17

Second, it is also undisputed that the promissory note was secured by a lien created under Article 16, Section 50(a)(6)(C) of the Texas Constitution. *Id*. Third, regarding the requirement for default, the prior state-court Final Summary Judgment found in U.S. Bank's favor, which under state law required that Turner have defaulted. Dkt. No. 37-2. Because Turner has not reached any other payment agreement with U.S. Bank, nor made any payments since that state court final judgment, she is still in default. *See* Dkt. No. 11 ¶ 12 (alleging that Turner received a letter from U.S. Bank dated May 3, 2023, offering forbearance, with no indication that Turner entered an agreement with U.S. Bank). Fourth and finally, U.S. Bank provided both notices required under Texas law. U.S. Bank mailed Turner a Notice of Default on February 21, 2019, via certified mail and informing her that the loan was in default and subject to acceleration. Dkt. Nos. 37 at 6-7 & 37-1 at 86-92, 133-143. Subsequently, U.S. Bank provided Turner a notice of sale, as required by Texas Property Code § 51.002(b) when it filed an Application for Foreclosure in state court, which was served on Turner and to which she responded. Dkt. No. 37-1 at 159. The state court granted that application on March 7, 2023, and U.S. Bank posted the property for sale on June 6, 2023, thus satisfying the 20-day notice requirement. Dkt. No. 11 ¶ 12.

*U.S. Bank's Motion for Summary Judgment should be granted for its requests for attorney's fees.* In its motion, "U.S. Bank seeks an award of attorney's fees as a further obligation on the subject Note and Security Instrument, but not as an award of money damages." Dkt. No. 37 at 16. For mortgages formed under Article 16 of the Texas Constitution, "the mortgagor is not personally liable for attorneys' fees" though "the mortgagee may recover its attorneys' fees, if permitted under the relevant contract, against the mortgaged party after a foreclosure sale." *Houston*, 988 F. Supp 2d at 741 (citing *In re Mullin*, 433 B.R. 1, 17 (Bankr. S.D. Tex. 2010)). Here, the security instrument states that "[U.S. Bank] shall be entitled to

18

collect all expenses incurred in pursuing the remedies provided [under section 21 of Article 16 of the Texas Constitution] including, but not limited to, court costs, reasonable attorney's fees, and costs of title evidence." Dkt. No. 37-1 at 121. After reviewing the evidence, the Court finds that U.S. Bank has met the requirement for recovery of fees under the security instrument.

U.S. Bank should now follow the requirements of Local Rule CV-54 to request recovery of its fees, unless the District Court orders a different procedure. *See* Local Rule CV-54; Fed. R. Civ. P. 54(d)(2); *see also Richardson v. Wells Fargo Bank, N.A.*, 740 F.3d 1035, 1038-39 (5th Cir. 2014); *Myart v. Glosson*, No. SA-14-CV-831-XR, 2015 WL 4395165, at *4 (W.D. Tex. July 16, 2015) (explaining, "*Richardson* was a lawsuit brought by a foreclosed borrower against a bank that foreclosed and sought to evict him. The court reversed the trial court and held that the bank was entitled to damages under Fed. R. Civ. P. 54(d)(2), and that attorneys' fees in that context need not be proven at trial like other damages under Texas law." (footnote omitted)). Presumably, U.S. Bank will seek an order directing that the fees be paid out of any foreclosure proceeds.

**4.** *Turner's Motion to Strike U.S. Bank's Motion for Summary Judgment does not persuade the Court and should be denied.* In response to U.S. Bank's Motion for Summary Judgment, Turner filed a meandering and difficult-to-understand motion to strike. In the motion, Turner takes issue with evidence allegedly excluded by U.S. Bank in its motion, including claims that the loan's chain of title is incomplete because one of the links in that chain—Fannie Mae— was excluded, an improper relationship between U.S. Bank and Rushmore Loan Servicing, and finally a lack of personal knowledge by affiant Anthony Younger regarding the loan's chain of title. Dkt. No. 41 at 4-17.  None of these arguments move the needle for Turner though, because they do not provide a valid basis to strike the summary judgment motion. They also do not

present a genuine issue of material fact, if the motion is generously construed as a response to the request for summary judgment. No arguments are presented addressing the applicability of *res judicata* or the availability of attorneys' fees in the instant case. And there are likewise no arguments regarding the most recent alleged loan modification. The motion to strike, Dkt. No. 41, should be denied.

### D.    Extending Discovery Deadlines Is Not Warranted.

Turner's Motion to Extend Scheduling Order Deadlines, Dkt. No. 56, is **DENIED**. To be clear, Turner has no outstanding motions to compel discovery.

### Conclusion and Recommendation

For the reasons discussed above, it is recommended that Turner's Motion for Leave to Amend the Complaint, Dkt. No. 51, should be **DENIED** as futile. Further, Turner's Motion to Exclude and Motion to Dismiss, Dkt. No. 48, should be **DENIED**. U.S. Bank's Motion for Summary Judgment, Dkt. No. 37, should be **GRANTED** and Turner's Motion to Strike, Dkt. No. 41, should be **DENIED**. Finally, Turner's Motion to Extend Scheduling Order Deadlines, Dkt. No. 56, is likewise **DENIED**. Plaintiff's claims should be dismissed with prejudice and judgment should be entered for U.S. Bank on its claim for affirmative relief.

Having considered and acted upon all matters for which the above-entitled and numbered case was referred, it is **ORDERED** that the above-entitled and numbered case is **RETURNED** to the District Court for all purposes.

### Instructions for Service and Notice of Right to Object/Appeal

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy by certified mail, return receipt requested, to those not registered. Written objections to this report and recommendation must be

filed **within fourteen (14) days** after being served with a copy of same, unless this time period is modified by the district court. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Objections, responses, and replies must comply with the same page limits as other filings, unless otherwise excused by the district court's standing orders. *See* Rule CV-7. The objecting party shall file the objections with the clerk of the court, and serve the objections on all other parties. A party filing objections must specifically identify those findings, conclusions, or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusory, or general objections. A party's failure to file written objections to the proposed findings, conclusions, and recommendations contained in this report shall bar the party from a *de novo* determination by the district court. *Thomas v. Arn*, 474 U.S. 140, 149-52 (1985); *Acuña v. Brown & Root, Inc.,* 200 F.3d 335, 340 (5th Cir. 2000). Additionally, failure to timely file written objections to the proposed findings, conclusions, and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

    **IT IS SO ORDERED**.

    SIGNED this 12th day of July, 2024.

RICHARD B. FARRER
UNITED STATES MAGISTRATE JUDGE

21