FILED

SEP 24 2025

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____ DEPUTY CLERK



IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| KAY H. TURNER | § | |
| *Plaintiff* | § | Civil Action No. 5:23-cv-00735-XR |
| *vs.* | § | |
| | § | |
| U.S. BANK NATIONAL ASSOCIATION, | § | **PLAINTIFF KAY H. TURNER** |
| NOT IN ITS INDIVIDUAL CAPACITY, BUT | § | **RULE 59(e) MOTION** |
| SOLELY AS TRUSTEE FOR THE RMAC TRUST | § | |
| SERIES 2016-CTT | § | |
| *Defendants* | § | |

Plaintiff KAY H. TURNER ("Turner" "Plaintiff") files pursuant to Federal Rules of Civil Procedure Rule 59(e), *Plaintiff Kay H. Turner Rule 59(e) Motion* in response to the August 29, 2025 Order **[Dkt.95]** and shows:

## I.  INTRODUCTION

On August 21, 2025, Turner filed her Plaintiff Kay H. Turner Rule 60(b)(3)(4)(6) Motion As To U.S. BANK, N.A., Not In Its Individual Capacity, But Solely As Trustee for the RMAC Trust Series 2016-CTT ("U.S. BANK").  **[Dkt.95]**.  The Court denied the motion on August 29, 2025.  **[Dkt.97]**.  In relevant part, the Court overlooked and/or failed to apply Texas Civil Practices & Remedies Code § 16.035(d) to Turner's undisputed facts and evidence that proved there was never a "case or controversy" and the U.S. BANK lacked standing to file counterclaims that were *moot* when filed and therefore, deprived the Court of subject matter jurisdiction and rendered the Courts foreclosure order(s) void. **[Dkt.81][Dkt.89]**.

## II.  STANDARD OF REVIEW

A motion to alter or amend judgment is generally considered under Rule 59(e)). *See St. Paul Mercury Ins. Co. v. Fair Grounds Corp.*, 123 F.3d 336, 339 (5th Cir. 1997) (noting that where a case is resolved without a trial, a motion to alter or amend judgment is generally considered under Fed. R. Civ. P. 59(e); *Demahy v. Schwartz Pharma, Inc.*, 702 F.3d 177, 182 n.2

(5th Cir. 2012) ("[i]f the motion was filed within twenty-eight days after the entry of the judgment, the motion is treated as though it was filed under Rule 59"). Rule 59(e) "is an extraordinary remedy that should be used sparingly." *Rollins v. Home Depot USA*, 8 F.4th 393, 396 (5th Cir. 2021) (citation omitted). To prevail on a motion to alter or amend a judgment under Rule 59(e), the moving party must demonstrate (1) **an intervening change in controlling law**; (2) **newly discovered evidence not previously available**; or (3) **a manifest error of law or fact**. *See Demahy*, 702 F.3d at 182. [1]

### III.  UNDISPUTED RELEVANT FACTS

1.      Turner incorporates her Plaintiff Kay H. Turner Turner's Rule 60(b)(3)(4)(6) Motion As To U.S. BANK, N.A., Not In Its Individual Capacity, But Solely As Trustee for the RMAC Trust Series 2016-CTT ("U.S. BANK") herein for all purposes as though repeated verbatim.

2.      In 2012, Turner suffered setbacks in her health and business following a vehicle accident and her last payment tendered to Nationstar Mortgage, LLC was in February 2012. This caused Turner to become past due on her Loan.  After deeming Turner ineligible for a loan modification, Nationstar Mortgage, LLC mailed Turner an **August 22, 2013 Notice of Default and Intent to Accelerate** by certified mail. (***See*** **Turner Affidavit – Exhibit 7).**

3.      When Turner did not cure her default, the law firm of McCarthy, Holthus & Ackerman, LLP acting on behalf of Nationstar, sent certified mail to Turner that contained a **January 30, 2014 Notice of Acceleration**, the acceleration event that triggered limitations pursuant to Tex. Civ. Prac. & Rem. Code Ann. § 16.035. (***See*** **Turner Affidavit – Exhibit 9).**

---

[1] In connection with a **Rule 59(e) motion**, "**manifest error**" **is** one that is plain and indisputable, and that amounts to **a complete disregard of the controlling law**." *Venegas-Hernandez v. Sonolux Records*, 370 F.3d 183, 195 (1st Cir. 2004); *Bank One, Texas N.A. v. F.D.I.C.*, 16 F. Supp. 2d 698, 713 (N.D. Tex. 1998) (**a manifest error is an "obvious mistake or departure from the truth"**) (internal quotations omitted).

4.    On **August 2, 2017**, Nationstar Mortgage, LLC filed their Application For Expedited Foreclosure Of A Lien Securing A Home Equity Loan, Reverse Mortgage or Home Equity Line of Credit in state court, 438th Judicial District Bexar County, Texas, Cause No. 2017-CI-14078 ("8.2.17 Nationstar Rule 736 Application"). (*See* **Turner Affidavit – Exhibit 10).**

5.    On **May 18, 2018**, Nationstar Mortgage, LLC executed a *Corporate Assignment of Deed of Trust* and assigned the Security Instrument to U.S. BANK, National Association, not in its Individual Capacity, but solely as Trustee for RMAC Trust, Series 2016-CTT. [2]

6.    On **February 21, 2019**, Rushmore Loan Management Services, LLC ("Rushmore") on behalf of U.S. BANK, mailed Turner a "void and time-barred" Notice of Intent To Accelerate via certified mail *more than four years after* Nationstar mailed Turner an **August 22, 2013 Notice of Default/Intent To Accelerate** and a **January 30, 2014 Notice of Acceleration,** pursuant to Tex. Civ. Prac. & Rem. Code §16.035.

7.    Any action taken by U.S. BANK on or after **January 30, 2018** in connection with Turner's loan was time-barred pursuant to Texas Civil Practice & Remedies Code §16.038(d). (*See* **Turner Affidavit – Exhibit 12).**

8.    On **March 7, 2023**, the Judge of the 438th state District Court signed a void Texas Rule of Civil Procedure 736 Order allowing Petitioner U.S. BANK to proceed with foreclosure of the Turner Property located at 7535 N. New Braunfels Avenue, San Antonio, Texas. (*See* **Turner Affidavit – Exhibit 15).**

---

[2] On **May 18, 2018**, Nationstar Mortgage, LLC (d/b/a Mr. Cooper) also assigned the loan servicing to Rushmore Loan Management Services, LLC effective June 1, 2018.  On **May 21, 2018**, Rushmore mailed Turner a Notice of Sale of Ownership of Mortgage Loan that advised Turner the new creditor was U.S. BANK.

9.      On **June 1, 2023**, Turner filed a timely Respondent's Motion To Vacate Rule 736 Order, **Pursuant to a Rule 736.11(c)** Texas Rule of Civil Procedure in the 438th District Court of Bexar County, Texas. (*See* **Turner Affidavit – Exhibit 16**).

10.     On **June 9, 2023**, U.S. BANK attorney Mark Cronenwett removed Turner's May 25, 2023 Lawsuit, Cause No. 2023-CI-10390 (*Kay Turner v. U.S. BANK, National Association*) filed in the 408th District Court of Bexar County, Texas to the United States District Court Western District Of Texas San Antonio Division - Civil Action No. 5:23-cv-00735-XR.

11.     Concurrently, on **June 9, 2023**, U.S. BANK attorney Mark Cronenwett also filed a time-barred Defendants Original Answer And Counterclaim Against Plaintiff ("U.S. BANK Counterclaim"). **[Dkt.3].** (*See* **Turner Affidavit – Exhibit 17**).

12.     In the U.S. BANK Counterclaim, U.S. BANK concealed the prior Nationstar 2013 *Notice Of Default, Intent To Accelerate and The 2014 Notice Of Acceleration* mailed to Turner that resulted in a time-barred debt. When affirmatively representing in their counterclaim there were new "2019" notices issued to Turner, U.S. BANK judicially admitted themselves out of court as follows:

- I(2) "...**Defendant at this moment is no longer pursuing a non-judicial foreclosure of the Property pursuant to this state court order; instead, Defendant is seeking a judgment for foreclosure in the instant proceeding as indicated in its counterclaim below...**"
- ¶III(B)(3) "....This proceeding concerns the real property and improvements commonly known as 7535 North New Braunfels Avenue, San Antonio, Texas 78209, and more particularly described as..."
- ¶III(D)(13) "...**ON OR ABOUT FEBRUARY 21, 2019, THE PRIOR LOAN SERVICER ON BEHALF OF DEFENDANT DEPOSITED A NOTICE OF DEFAULT** TO PLAINTIFF in the United States mail, postage pre-paid, via certified mail to the Property address. The default was not cured, and **THE MATURITY OF THE DEBT WAS ACCELERATED ON AUGUST 30, 2019 BY THE FILING OF AN AMENDED APPLICATION FOR EXPEDITED FORECLOSURE** of a Lien Securing a Home Equity Loan, Reverse Mortgage, or Home Equity Line of Credit, in Cause No. 2017-CI-14078, in the 438th District Court of Bexar County..."

4

## IV. LEGAL AUTHORITY AND ARGUMENT

**A. It Was A Manifest Error Of Law For The Court To Deny Turner's Uncontroverted Rule 60(b)(3)(4)(6) Motion And Ignore Its Lack Of Jurisdiction When Entering A Void Foreclosure Order On A Statutory "Void" Lien Where There Was No "Case Or Controversy" And The Foreclosure Issue Was *Moot*.**

Nationstar mailed Turner an **August 22, 2013 Notice of Default and Intent to Accelerate** and a **January 30, 2014 Notice of Acceleration**.

Under *Section 16.035(b) of the Texas Civil Practice and Remedies Code*, "[a] sale of real property under a power of sale in a mortgage or deed of trust that creates a real property *lien* must be made not later than four years after the day the cause of action accrues." *Tex. Civ. Prac. & Rem. Code § 16.035(b)*. **After four years from accrual, "the real property *lien* and a power of sale to enforce the real property *lien* become *void*."** *Tex. Civ. Prac. & Rem. Code § 16.035(d)*. Normally, where a note is payable in installments, the statute of limitations period begins to run at the maturity date of the final installment. *Id. § 16.035(e)*. When a loan secured by real property has an acceleration clause, however, a cause of action for foreclosure accrues "when the holder actually exercises its option to accelerate." *Holy Cross Church of God in Christ v. Wolf, 44 S.W.3d 562, 566 (Tex. 2001)*. "Effective acceleration requires two acts: (1) notice of intent to accelerate, and (2) notice of acceleration." *Holy Cross, 44 S.W.3d at 566*.

In their **June 9, 2023**, U.S. BANK made *binding judicial admissions* in their time-barred Defendants Original Answer And Counterclaim Against Plaintiff when stating: "...**ON OR ABOUT FEBRUARY 21, 2019, THE PRIOR LOAN SERVICER ON BEHALF OF DEFENDANT DEPOSITED A NOTICE OF DEFAULT** TO PLAINTIFF .... **THE MATURITY OF THE DEBT WAS ACCELERATED ON AUGUST 30, 2019 BY THE FILING OF AN AMENDED APPLICATION FOR EXPEDITED FORECLOSURE...**"

5

The U.S. BANK counterclaim concealed the 2013 and 2014 notices Nationstar mailed to Turner.

Pursuant to Texas Civil Practice and Remedies Code §16.035(d):

**"...On the expiration of the four-year limitations period, THE REAL PROPERTY LIEN AND A POWER OF SALE TO ENFORCE THE REAL PROPERTY LIEN BECOME VOID..."**

Any action taken by U.S. BANK on or after <u>**January 30, 2018  (Four years after the January 30, 2014 Notice of Acceleration)**</u> was time-barred pursuant to Texas Civil Practice & Remedies Code §16.038(d). The statute of limitations rendered U.S. BANK without an interest in the Turner Property.  That is, no "case or controversy" and a moot foreclosure issue.

A threshold question in any case is whether the court has subject matter *jurisdiction* over the pending controversy. *U.S. Const. Art. 3, § 2, cl. 1*. Subject matter *jurisdiction* encompasses several justiciability doctrines, including *standing*. An actual controversy must exist at all stages of review—not merely at the time the complaint **[*8]** is filed. *Preiser v. Newkirk,* 422 U.S. 395, 401, 95 S. Ct. 2330, 45 L. Ed. 2d 272 (1975). **For a plaintiff to have standing, she "must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision."** *Spokeo, Inc. v. Robins*, 136 S.Ct. 1540, 1547, 194 L. Ed. 2d 635 (2016).   **"The plaintiff must have suffered an injury in fact— an invasion of a legally protected interest which is (a) concrete and particularized; and (b) actual or imminent, not conjectural or hypothetical***. "* Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560, 112 S. Ct. 2130, 119 L. Ed. 2d 351 (1992) (internal citations and quotations omitted). "If an intervening circumstance deprives the plaintiff of a 'personal stake in the outcome of the lawsuit,' at any point during litigation, the action can no longer proceed and must be dismissed as ***moot***." *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 133 S. Ct. 1523, 1528, 185 L. Ed. 2d 636 (2013). **"A case becomes *moot*, however, only**

6

when it is impossible for a court to grant any effectual relief to the prevailing party."
*Campbell-Ewald Co. v. Gomez,* 136 S.Ct. 663, 669, 193 L. Ed. 2d 571 (2016).

"The general rule is that a case becomes moot, and thus unreviewable, when it
appears that a party seeks to obtain relief on some alleged controversy when in reality none
exists." *Schaban-Maurer v. Maurer-Schaban,* 238 S.W.3d 815, 822 (Tex. App.-Fort Worth
2007, no pet.) (citing Williams v. Lara, 52 S.W.3d 171, 184 (Tex. 2001). "A case becomes moot
if a controversy ceases to exist or the parties lack a legally cognizable interest in the
outcome." *Allstate Ins. Co. v. Hallman,* 159 S.W.3d 640, 642 (Tex. 2005). "A case is not
rendered moot simply because some of the issues become moot. . . ." *In re Kellogg Brown &
Root, Inc.,* 166 S.W.3d 732, 737 (Tex. 2005) (orig. proceeding). "The mootness doctrine
implicates subject matter jurisdiction." *City of Dallas v. Woodfield,* 305 S.W.3d 412, 416
(Tex. App.-Dallas 2010, no pet.). "[W]hen a case becomes moot the only proper judgment is
one dismissing the cause." Polk v. Davidson, 196 S.W.2d 632, 633 (Tex. 1946); see also
Woodfield, 305 S.W.3d at 416 ("If a case is moot, the appellate court is required to vacate
any judgment or order in the trial court and dismiss the case."). The mootness doctrine
prevents courts from rendering advisory opinions, and under article II, section 1 of the
Texas Constitution, courts have no jurisdiction to issue advisory opinions. *See Valley Baptist
Med. Ctr. v. Gonzalez,* 33 S.W.3d 821, 822 (Tex. 2000) (per curiam).

"[M]ootness goes to the very heart of Article III jurisdiction, and any party can raise
it at any time. Indeed, it would be the Court's duty to raise and decide the issue on its own
motion, if facts suggesting mootness should come to its attention, even if both parties were silent
on the subject." *In re Smith,* 921 F.2d 136, 138 (8th Cir. 1990). Under Article III of the
Constitution, we sit to decide only live controversies, cases that will have a real, practical

effect. See *North Carolina v. Rice,* 404 U.S. 244, 246, 92 S.Ct. 402, 404, 30 L.Ed.2d 413 (1971). Mootness, if it exists, would destroy a Court's jurisdiction.

In *Baker* v. *Carr,* 369 U. S. 186, 198 (1962), **the Court noted that a federal district court lacks jurisdiction over the subject matter** (1) if the cause does not "arise under" the Federal Constitution, laws, or treaties (or fall within one of the other enumerated categories of Art. III); or (2) **if it is not a "case or controversy" within the meaning of that phrase in Art. III;** or (3) if the cause is not one described by any jurisdictional statute. Under Article III, § 2, of the Constitution, the case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate. . . . The parties must continue to have a `personal stake in the outcome' of the lawsuit." *Lewis* v. *Continental Bank Corp.,* 494 U. S. 472, 477-478 (1990). See also *Preiser* v. *Newkirk,* 422 U. S. 395, 401 (1975). This means that, **throughout the litigation, the plaintiff "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.**" *Lewis, supra,* at 477.

In Texas, "[a] sale of real property under a power of sale in a mortgage or deed of trust that creates a real property *lien* must be made not later than four years after the day the cause of action accrues." *Tex. Civ. Prac. & Rem. Code § 16.035(b).* "On the expiration of the four-year limitations period, the real property *lien* and a power of sale to enforce the real property *lien* become *void.*" *Id. § 16.035(d).*

District Courts apply Texas substantive law and federal procedural law to the state-law claims. See *Erie R.R. Co. v. Tomkins,* 304 U.S. 64, 78 (1938). "We begin with the familiar canon of statutory construction that the starting point for interpreting a statute is the language of the statute itself. Absent a clearly expressed legislative intention to the contrary, **that language must ordinarily be regarded as conclusive.**" *Consumer Product Safety Comm'n v. GTE*

*Sylvania, Inc.* 447 U.S. 102, 108 (1980). Our practice when construing a statute is to recognize that "the words [the Legislature] chooses should be the surest guide to legislative intent." *Fitzgerald v. Advanced Spine Fixation Sys., Inc.,* 996 S.W.2d 864, 866 (Tex.1999). **Where text is clear, text is determinative of that intent.** *State v. Shumake,* 199 S.W.3d 279, 284 (Tex.2006). Only when those words are ambiguous do we "resort to rules of construction or extrinsic aids." *In re Estate of Nash,* 220 S.W.3d 914, 917 (Tex.2007).

State and federal courts have interpreted Texas Civil Practice & Remedies Code §16.035(d). See *Khan v. GBAK Prop., Inc.,* 371 S.W.3d 347, 353 (Tex.App-Houston [1st Dist.] 2012, no pet.)("A sale of real property under a power of sale in a mortgage or deed of trust that creates a real property lien must be made not later than four years after the day the cause of action accrues." Tex. Civ. Prac. & Rem. Code Ann. § 16.035(b) (Vernon 2002). "If a series of notes or obligations or a note or obligation payable in installments is secured by a real property lien, the four-year limitations period does not begin to run until the maturity date of the last note, obligation, or installment." Id. § 16.035(e). **"When this four-year period expires, the real-property lien and the power of sale to enforce the lien become void**." *Holy Cross Church of God in Christ v. Wolf,* 44 S.W.3d 562, 567 (Tex. 2001).

The Court in *Morlock, LLC v. Petteway*, No. 4:21-cv-03202 (S.D. Tex. September 23, 2024) agreed with the §16.035 analysis in *Bitterroot Holdings, LLC*, a case from the Hon. Judge Ezra, U.S. District Court, Western District Of Texas – San Antonio Division as follows:

"...In *Bitterroot Holdings, LLC v. Bank of New York Mellon*, the court considered how Section 16.069 interacted with the 16.035 Sections and explained that **Section 16.069 did not permit an untimely judicial foreclosure**. No. 5:14-CV-00804, 2017 WL 10181041, at *12 (W.D. Tex. Aug. 4, 2017). **WHEN THE LENDER FAILED TO FORECLOSE WITHIN THE FOUR-YEAR PERIOD, IT "VOID[ED] THE LIEN AND THE POWER OF SALE," AND**

9

**"[A] VOID LIEN IS FOREVER VOID. IT IS NO MORE. IT HAS CEASED TO BE.**" *Id.* As the court explained, Section 16.035(d), despite being "often referred to as a statute of limitations, . . . is not merely a procedural bar to suit." *Id.* As a substantive matter, "**the language of section 16.035(d) voids a lien upon the failure to bring a suit or force a sale within four years of accelerating the lien.**" *Id....*"

**PRAYER**

WHEREFORE PREMISES CONSIDERED, Plaintiff Kay H. Turner prays that this Court 1) grant her Rule 60(b)(3)(4)(6) motion in its entirety; 2) set this matter for hearing; 3) vacate and declare void the January 20, 2025 Order [Dkt.89]; 4) vacate and declare void the August 6, 2024 Amended Final Judgment [Dkt.81]; and 5) grant all other relief at law or in equity to which Turner shows she is justly entitled.

RESPECTFULLY SUBMITTED ON this the 24th day of September, 2025.

KAY H. TURNER, *Plaintiff*

7535 N. New Braunfels Ave.
San Antonio, Texas 78209
210.889.1027
kturner@megatrak.com

**CERTIFICATE OF SERVICE**

I hereby certify that on September 24, 2025, a true and correct copy of the foregoing was served on all counsel of record in the above-captioned matter through USPS, e-mail and/or hand delivery FED EX.

**MARK D. CRONENWETT**
(SBN: 00787303), mark.cronenwett@lewisbrisbois.com,
Lewis Brisbois, 2100 Ross Avenue, Suite 2000, Dallas, Texas 75201
(214) 722.7110        *Attorney for U.S. BANK, N.A., As Trustee*

**KARLA BALLI** and **BRANDON WOLF**
kballi@mwzmlaw.com          |          bwolf@mwzmlaw.com
Mackie Wolf Zientz & Mann, PC, 14160 Dallas Parkway (Suite 900), Dallas, Texas 75254,
(214) 635-2650        *Attorneys for U.S. BANK, N.A., As Trustee*

KAY H. TURNER, *Plaintiff*