**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | |
|---|---|
| KAY H. TURNER,<br>*Plaintiff*<br><br>v.<br><br>U.S. BANK NATIONAL ASSOCIATION,<br>NOT IN ITS INDIVIDUAL CAPACITY,<br>BUT SOLELY AS TRUSTEE FOR THE<br>RMAC TRUST, SERIES 2016CTT,<br>*Defendant* | §<br>§<br>§<br>§    Case No.  SA-23-CA-00735-XR<br>§<br>§<br>§<br>§<br>§<br>§ |

## <u>ORDER</u>

On this date, the Court considered Plaintiff Kay H. Turner's Motion to Amend Judgment (ECF No. 99).  After careful consideration, the Motion is **DENIED.**

### BACKGROUND

Plaintiff Kay Turner took out a home-equity loan in 2006.  ECF No. 1 ¶ 7.  She secured payment of the loan with her home, ECF No. 37-1 at 110–24, and Defendant U.S. Bank holds the lien.  ECF No. 11 ¶ 2; ECF No. 17 ¶ 2.  Turner stopped making payments on the loan in May 2012.  ECF No. 11 ¶ 8.  In March 2023, U.S. Bank filed an application to foreclose on Turner's home.  ECF No. 11 ¶ 12; ECF No. 37-1 at 159.  A state court granted the application on March 7, 2023, and U.S. Bank posted notice of sale of the property.  ECF No. 11 ¶ 12; ECF No. 17 ¶ 12.

Turner sued U.S. Bank in state court in May 2023.  ECF No. 1.  U.S. Bank removed to this Court and brought a counterclaim for foreclosure.  *Id.*; ECF No. 3 at 11.  In August 2024, the Court entered an Amended Final Judgment granting U.S. Bank's Motion for Summary Judgment, dismissing Turner's claims with prejudice, and allowing U.S. Bank to proceed with non-judicial foreclosure.  ECF No. 81.

1

Turner filed a motion for a new trial and a motion for relief from the judgment under Federal Rule of Civil Procedure 60(b)(4).  ECF Nos. 85, 90.  The Court denied both motions.  ECF No. 93.

Turner then filed another motion for relief from the judgment under Rule 60(b)(3), (b)(4), and (b)(6).  The Court denied that motion on August 29, 2025. ECF No. 97.

Turner now moves, under Federal Rule of Civil Procedure 59(e), for the Court to amend its August 2025 order denying her Rule 60(b) motion.  ECF No. 99.  In substance, Turner asks the Court to reconsider its August 2025 order and to vacate the Amended Final Judgment that granted summary judgment in U.S. Bank's favor.  *Id.*

## DISCUSSION

### I.      Pro Se Construction

The Court notes that Turner is proceeding *pro se* in this case. When reviewing a *pro se* plaintiff's complaint, the Court must construe the allegations liberally, holding the *pro se* to less stringent pleading standards than those applicable to lawyers.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see Haines v. Kerner*, 404 U.S. 519, 520–21 (1972).  However, a party's *pro se* status does not offer her an "impenetrable shield, for one acting *pro se* has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets."  *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

Likewise, while courts "liberally construe briefs of *pro se* litigants and apply less stringent standards to parties proceeding *pro se* than to parties represented by counsel, *pro se* parties must still brief the issues and reasonably comply with [federal procedural rules]."  *U.S. Bank Nat'l Ass'n*

2

*v. Johnson*, No. 1:15-CV-788-RP, 2017 WL 598499, at *2 (W.D. Tex. Feb. 14, 2017) (quoting *Grant v. Cuellar*, 59 F.3d 524, 524 (5th Cir. 1995)).

## II.    Legal Standard

Federal Rule of Civil Procedure 59(e) provides that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment."  "A Rule 59(e) motion must clearly establish either a manifest error of law or fact or must present newly discovered evidence." *Kapordelis v. Myers*, 16 F.4th 1195, 1202 (5th Cir. 2021) (citing *Advocare Int'l LP v. Horizon Labs., Inc.*, 524 F.3d 679, 691 (5th Cir. 2008)).  A "manifest error" "must be 'plain and indisputable'" and must "amount[] to a complete disregard of the controlling law." *Camacho v. Ford Motor Co.*, No. SA-19-CV-23-XR, 2020 WL 1958638, at *1 (W.D. Tex. Apr. 23, 2020) (quoting *Lyles v. Medtronic Sofamor Danek, USA, Inc.*, 871 F.3d 305, 311 (5th Cir. 2017), *cert. denied*, 138 S. Ct. 1037 (2018)).

Rule 59(e) is not an avenue to "raise arguments which could, and should, have been made before the judgment issue[d]." *Id.* (quoting *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)).  "Nor can it be used to 'relitigate old matters' that have already been resolved." *Id.* (citing *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008)).  Rule 59(e) provides an "extraordinary remedy that should be used sparingly." *Id.*  And the rule "favors the denial of a motion to alter or amend a judgment." *Id.*

## III.    Analysis

Turner argues that in denying her Rule 60(b) motion the Court "overlooked and/or failed to apply Texas Civil Practice & Remedies Code [Section] 16.035(d)." ECF No. 99 at 1. Under Section 16.035, "a secured lender 'must bring suit for . . . the foreclosure of a real property lien not later than four years after the day the cause of action accrues.'" *Boren v. U.S. Nat. Bank Ass'n*,

3

807 F.3d 99, 104 (5th Cir. 2015) (alteration in original) (quoting TEX. CIV. PRAC. & REM. CODE § 16.035(a)).  "On the expiration of the four-year limitations period, the real property lien and a power of sale to enforce the real property lien become void." *Id.* § 16.035(d).

Turner argues that U.S. Bank's cause of action accrued for purposes of Section 16.035 when U.S. Bank's predecessor-in-interest accelerated the loan in 2014.  ECF No. 99 at 2; *see Holy Cross Church of God in Christ v. Wolf*, 44 S.W.3d 562, 566 (Tex. 2001) ("If a note or deed of trust secured by real property contains an optional acceleration clause, . . . the action accrues only when the holder actually exercises its option to accelerate.").  So, according to Turner, the lien became void in 2018—five years before U.S. Bank filed its counterclaim in this suit.  ECF No. 99.

Turner made the same argument in her Rule 60(b) motion, which the Court denied.  ECF No. 95 at 13; ECF No. 97.  She made a similar argument—based on a 2017 acceleration of the loan—in yet another motion, which the Court also denied.  ECF Nos. 90, 93. As already stated, Rule 59(e) cannot "be used to 'relitigate old matters' that have already been resolved." *Camacho*, 2020 WL 1958638, at *1.

In her Rule 59(e) motion, Turner attempts to reframe her Section 16.035 argument to be about standing.  She says that because U.S. Bank's lien was purportedly void, U.S. Bank did not have standing to bring its foreclosure counterclaim.  But whether a real property lien is void under Section 16.035 does not go to standing. *See Brown v. EMC Mortg. Corp.*, 326 S.W.3d 648, 652–53 (Tex. App.—Dallas 2010, pet. denied) (finding that a party had waived their Section 16.035 argument); *Miceli v. The Bank of N.Y. Mellon*, No. 1:13-CV-1032-DAE, 2015 WL 4164853, at *4 (W.D. Tex. July 9, 2015) (same).  And even if it did, the argument "could, and should, have been made before the judgment issued." *Kapordelis*, 16 F.4th at 1202 (citing *Advocare Int'l LP*, 524 F.3d at 691).

Turner also has not shown that the Court committed an error that is "plain and indisputable" or amounts to "a complete disregard of the controlling law." *Camacho*, 2020 WL 1958638, at *1. The Court denied Turner's Rule 60(b) motion because: (1) she had not shown "fraud, misrepresentation, or misconduct" by U.S. Bank, FED. R. CIV. P. 60(b)(3); (2) her jurisdictional arguments were duplicative of her fraud arguments and had already been addressed by the Court, *see* FED. R. CIV. P. 60(b)(4); and (3) her arguments under Rule 60(b)(6) were duplicative of her arguments under Rule 60(b)(3) and (b)(4).  ECF No. 97.  Turner does not address those holdings, let alone "clearly establish" that they were "manifest error." *Kapordelis*, 16 F.4th at 1202 (5th Cir. 2021); *see* ECF No. 99.

## CONCLUSION

For the foregoing reasons, Plaintiff Kay H. Turner's Motion to Amend Judgment (ECF No. 99) is **DENIED.**

It is so **ORDERED**.

**SIGNED** this 2nd day of April, 2026.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE

5